UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. ROBINSON,

          Petitioner,

Case No. 2:21-cv-12477

HONORABLE STEPHEN J. MURPHY, III

v.

SHERMAN CAMPBELL,

          Respondent.

_____/

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [9],
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Todd Robinson filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2244. ECF 1. Respondent moved to dismiss the petition as 452 days untimely. ECF 9, PgID 171, 180; *see also* ECF 11, PgID 1524.

Petitioner responded to the motion. ECF 11. Petitioner agreed that he filed the petition late, *id.* at 1524, but he explained that the Court should grant equitable tolling, *id.* at 1524–29. Petitioner claimed that the COVID-19 pandemic prevented him from filing the complaint. *Id.* at 1525–29. During the pandemic, Petitioner chose to not leave his cell because he was at high-risk for COVID-19 complications. *Id.* at 1527. Petitioner ultimately contracted COVID-19 and allegedly suffered from symptoms for months, but Petitioner never suggested that he was hospitalized. *Id.* at 1528. Within two months after being transferred to a new prison, Petitioner started to feel better, and he alleged that he began to prepare his petition, "despite the closure

1

of the . . . law library." *Id.* at 1258–29. It took Petitioner half a month to complete the petition. *Id.*

Because Petitioner is in prison, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will grant the motion to dismiss.

## LEGAL STANDARD

Under 28 U.S.C. § 2244(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must file a habeas petition no later than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Under that provision, "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). But the limitations period tolls while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Wall v. Kholi*, 562 U.S. 545, 550–51 (2011) (citing 28 U.S.C. § 2244(d)(2)).

AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court, however, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the

2

burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

## DISCUSSION

Because Petitioner conceded that he filed the petition well after the limitations period expired, the petition is untimely, absent equitable tolling of the limitation period or a credible claim of actual innocence.[1] *See McQuiggin v. Perkins*, 569 U.S. 383, 400 (2013). But Petitioner has not shown that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotation marks and quotation omitted).

The COVID-19 pandemic is not an extraordinary circumstance for equitable tolling without "fact-specific circumstances related to the pandemic that hindered [Petitioner's] ability to timely file a habeas petition." *Pryor v. Erdos*, No. 5:20cv2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) (collecting cases). As Petitioner explained, he did nothing but sit inside his cell for months during the pandemic. ECF 11, PgID 1527–28. Petitioner could have easily completed his petition during that time. After all, Petitioner explained that he ultimately completed his petition without the use of the law library. *Id.* at 1528–29. And he completed the petition in half a month. *Id.* And although Petitioner did contract COVID-19, Petitioner was never hospitalized or otherwise immobilized while he needed to complete his petition. *See id.* At bottom, Petitioner has not shown how COVID-19 blocked him completing the petition.

---

[1] Petitioner has not asserted a credible actual innocence claim. *See generally* ECF 1.

3

Simply being at-risk for COVID-19 complications or trying to restrict contact with other prisoners is not an extraordinary circumstance that prevented Petitioner from timely filing the petition. To be sure, in the Court's experience, plenty of prisoners confronted the same fears given their preexisting conditions and, in general, many of those prisoners timely filed habeas petitions. The Court will therefore decline to equitably toll the limitations period. As a result, the Court will grant the motion to dismiss.

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). And if the Court denies a petition for a writ of habeas corpus on procedural grounds, then the Court should issue a certificate of appealability when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

4

The Court will deny a certificate of appealability because "a plain procedural bar is present and the . . . [C]ourt is correct to invoke it to dispose of the case." *Id.* Thus, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [P]etitioner should be allowed to proceed further." *Id.* Last, the Court will deny Petitioner leave to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 17, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager